**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 19-21054-JRS |
| ) | |
| AMERICAN HOME PRODUCTS LLC, ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME PRODUCTS LLC TO EMPLOY
ARNALL GOLDEN GREGORY LLP AS COUNSEL TO THE COMMITTEE**

**COMES NOW** the Official Committee of Unsecured Creditors of American Home Products LLC (the "Committee"), and submits to this Court its application (the "Application") for an order authorizing the Committee to retain and employ the law firm of Arnall Golden Gregory LLP ("AGG") as counsel to the Committee, and as grounds therefor, shows this Court as follows:

1. On May 29, 2019 (the "Petition Date"), American Home Products LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia (Gainesville) (the "Court").

2. Since the Petition Date, the Debtor has remained in possession of its property and has continued to operate its business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On or about July 3, 2019, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee for the Northern District of Georgia appointed two (2) creditors to serve on the Committee in connection with this Chapter 11 case. The members of the Committee are: Jim Fine Wooden Products Co., Ltd. and Strategic America.

13663124v1

4.      At a meeting of the Committee on July 4, 2019 by email, the Committee determined, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to Section 1103 of the Bankruptcy Code, that it requires legal services and advice. In connection with that meeting, the Committee voted to retain AGG as counsel to the Committee. By submission of this Application, the Committee requests that this Court enter an order authorizing the Committee to retain and employ AGG, *nunc pro tunc*, to July 4, 2019, the date of the Committee's selection of AGG to serve as its counsel in this Chapter 11 case, to render legal advice and services to the Committee as described herein and in the accompanying affidavit of Darryl S. Laddin attached to this Application as **Exhibit A**.

5.      The Committee desires to retain and employ AGG as its attorneys because of the firm's extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The members of AGG's Bankruptcy, Creditors' Rights and Workout Practice Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, liquidating trustees, and various other constituencies. Accordingly, AGG has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of this Chapter 11 case. The Committee believes that AGG is both well qualified and able to represent the Committee in this Chapter 11 case in an efficient and timely manner.

6.      Subject to further order of this Court, AGG will render, *inter alia*, the following professional services to the Committee:

      (a)    advise the Committee with respect to its rights, powers, and duties in this bankruptcy case;

13663124v1

(b) assist and advise the Committee in its consultations with the Debtor relative to the administration of this bankruptcy case;

(c) assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with such creditors;

(d) assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operations of the Debtor's business;

(e) advise and represent the Committee in connection with administrative matters arising in this bankruptcy case, including the obtaining of credit by the Debtor, the reorganization of the Debtor, including the proposed sale of the Debtor's assets, and the rejection or assumption of executory contracts and unexpired leases;

(f) assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the terms of a Chapter 11 plan for the Debtor;

(g) assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in this bankruptcy case;

(h) review and analyze all applications, orders, statements of operations, and schedules filed with the Court, and advise the Committee as to their propriety;

(i) assist the Committee in evaluating, and pursuing, if necessary, claims and causes of action against the Debtor's secured lenders;

13663124v1

  (j)  assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

  (k)  represent the Committee at all hearings and other proceedings; and

  (l)  perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

7. Upon information and belief, and based on the affidavit of Darryl S. Laddin attached hereto as **Exhibit A** (the "Affidavit"), while employed by the Committee in connection with this Chapter 11 case, AGG will not represent any other entity having an adverse interest in connection with this bankruptcy case, consistent with Section 1103(b) of the Bankruptcy Code.

8. Subject to approval by this Court, the Committee proposes that AGG be compensated for the services it will be rendering to the Committee on the basis of AGG's normal hourly rates for attorneys, paralegals, and other personnel that provide such services to the Committee, and for out-of-pocket expenses and disbursements that are actually incurred, at rates normally charged to its regular clients. The hourly rates of professionals of AGG are set forth in the Affidavit.

9. AGG has stated its desire and willingness to act in this bankruptcy case and render the necessary professional services as counsel to the Committee. AGG will bill for services rendered and out-of-pocket expenses incurred pursuant to the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, United States Trustee guidelines, any order(s) entered by the Court in this Chapter 11 case respecting compensation procedures for professionals, and any other future orders of the Court.

10. The Committee believes that AGG is qualified to represent it in this Chapter 11 case, and that the retention of AGG is in the best interest of the Debtor's estate, the Committee, and the creditors of the Debtor.

11. Notice of this Application is being provided to: (i) the United States Trustee for the Northern District of Georgia, (ii) Debtor's counsel, (iii) members of the Committee or their counsel, (iv) counsel for The Louver Shop Holdings, LLC, and (v) those parties who have filed notices of appearance in this Chapter 11 case. In light of the nature of the relief requested, the Committee submits that this notice is appropriate and that no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached to this Application as **Exhibit B**, authorizing it to retain and employ AGG effective, *nunc pro tunc*, to July 4, 2019, and for such other and further relief as may be just and proper under the circumstances.

DATED: July 9, 2019.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
PRODUCTS LLC

By: /s/ Troy A. Wells
Name: Troy A. Wells
Chair of the Committee

# EXHIBIT A

# AFFIDAVIT OF DARRYL S. LADDIN

13663124v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 19-21054-JRS |
| ) | |
| AMERICAN HOME PRODUCTS LLC, ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |

AFFIDAVIT OF DARRYL S. LADDIN
IN SUPPORT OF APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
AMERICAN HOME PRODUCTS LLC TO EMPLOY
ARNALL GOLDEN GREGORY LLP AS COUNSEL TO THE COMMITTEE

STATE OF GEORGIA    )
                    )
COUNTY OF FULTON    )

Darryl S. Laddin, being duly sworn according to law upon his oath, deposes and states as follows:

1. I am over twenty-one (21) years of age, of sound mind, and in all respects qualified to make this affidavit. I have personal knowledge of the facts stated herein.

2. I am a partner in the law firm of Arnall Golden Gregory LLP (the "Firm" or "AGG"), which has offices at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363. The Firm employs approximately 160 attorneys located in its offices in Atlanta and Washington, D.C.

3. The Firm has agreed to be retained and employed to provide legal services and assistance to the Official Committee of Unsecured Creditors of American Home Products LLC (the "Committee"), and I provide this affidavit in support of an order authorizing such retention and employment.

13663124v1

4. American Home Products LLC (the "Debtor") is a sizable entity and has many creditors, employees, and other relationships. A firm the size of AGG necessarily will have, in connection with a case of this magnitude, some contacts and relationships with parties in interest, their affiliates, agents, or employees. The Firm does not represent the separate interests of any such parties in this bankruptcy case. Additionally, the Firm's partners, counsel, associates, paralegals, and staff members may, in the ordinary course of their personal affairs, have relationships with certain creditors and other parties in interest. Additionally, the Firm and its representatives have contacts and relationships with other professionals associated with this bankruptcy case.

5. Based upon the conflicts search performed to date by the Firm's conflicts department and described herein, to the best of my knowledge, the Firm, which seeks to be employed to serve as counsel for the Committee, does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case within the meaning of Section 1103(b) of Title 11, United States Code (the "Bankruptcy Code") except as provided below.

6. The Firm has searched its conflicts database for any connections to the Debtor, its secured creditor, the twenty (20) largest unsecured creditors of the Debtor, and all of the other parties in interest who are listed on **Exhibit 1** attached to this Affidavit.

7. With respect to the Firm's prior or current representation of or connections with certain of the parties in interest in this Chapter 11 case, the Firm discloses the following relationships:

   a. AGG has, in the past, represented The Huntington National Bank, which was a secured creditor of the Debtor (prior to assigning its loan to The Louver Shop Holdings, LLC), in matters that are wholly unrelated to this bankruptcy case. The

2

13663124v1

        Firm does not currently represent The Huntington National Bank in this bankruptcy case or any other matter.

    b.    AGG has, in the past, represented Google, Inc., which is a creditor of the Debtor, in matters that are wholly unrelated to this bankruptcy case. The Firm does not currently represent Google, Inc. in this bankruptcy case or any other matter.

    c.    AGG has, in the past, represented Kaiser Foundation Health Plan in matters that are wholly unrelated to this bankruptcy case. Kaiser Foundation Health is a creditor of the Debtors. The Firm does not currently represent Kaiser Foundation Health Plan or Kaiser Foundation Health in this bankruptcy case or any other matter.

8.    The information provided in this Affidavit may have changed without the Firm's knowledge and may change during the pendency of this bankruptcy case. I or another attorney of the Firm will update this Affidavit, as necessary, should the Firm become aware of new, material information.

9.    The Firm has extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The members of the Firm's Bankruptcy, Creditors' Rights and Workout Practice Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, plan liquidating trustees, and various other constituencies. Accordingly, the Firm has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of this Chapter 11 case.

13663124v1

10. The anticipated duties and responsibilities of the Firm in this Chapter 11 case, which at the request of the Committee have commenced as of July 4, 2019, include, but are not limited to, the following:

a. advise the Committee with respect to its rights, powers, and duties in this bankruptcy case;

b. assist and advise the Committee in its consultations with the Debtor relative to the administration of this bankruptcy case;

c. assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with such creditors;

d. assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operations of the Debtor's business;

e. advise and represent the Committee in connection with administrative matters arising in this bankruptcy case, including the obtaining of credit by the Debtor, the reorganization of the Debtor, including the proposed sale of the Debtor's assets, and the rejection or assumption of executory contracts and unexpired leases;

f. assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the terms of a Chapter 11 plan for the Debtor;

g. assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in this bankruptcy case;

h. review and analyze all applications, orders, statements of operations, and schedules filed with the Court, and advise the Committee as to their propriety;

4

13663124v1

i. assist the Committee in evaluating, and pursuing, if necessary, claims and causes of action against the Debtor's secured lenders;

j. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

k. represent the Committee at all hearings and other proceedings;

l. perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code; and

m. provide such other legal assistance as the Committee may deem necessary and appropriate.

11. It is the intention of the Firm to seek compensation for its services to the Committee in accordance with the normal hourly rates that it charges to its other clients. At the current time, the Firm's standard hourly billing rates for those professionals most likely to be involved in this bankruptcy case are as follows:

>   Darryl S. Laddin:      $650/hour
>   Sean C. Kulka          $595/hour

These rates are adjusted by the Firm from time to time. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

12. It is the Firm's policy to charge its clients in all areas of practice for additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, express mail charges, special

or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

13. The Firm has stated its desire and willingness to act in this case and render the necessary professional services as counsel to the Committee. The Firm will bill for services rendered and out-of-pocket expenses incurred pursuant to the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines, any order(s) entered by the Court in this Chapter 11 case respecting compensation procedures for professionals, and any other future orders of the Court.

14. No agreement exists between the Firm and anyone else regarding the sharing of payments to be received by the Firm in connection with the representation of the Committee in the Debtor's Chapter 11 case.

15. I am a member in good standing of the State Bar of Georgia, and the other members of the Firm's Bankruptcy, Creditors' Rights and Workout Practice Group are also members in good standing of the State Bar of Georgia. The Firm has had substantial experience and practice before bankruptcy courts throughout the nation.

FURTHER AFFIANT SAYETH NOT.

_____
Darryl S. Laddin

Sworn to and subscribed before
me this 9th day of July 2019

_____
Notary Public
My Commission expires: 12-__-__

[Notary Seal: CAROL ANN STEWART, NOTARY, EXPIRES Dec. 29, 2019, GEORGIA, DEKALB COUNTY, PUBLIC]

13663124v1

# **EXHIBIT 1**

American Home Products, LLC
BT Capital
RCP Direct II, L.P.
Strategic America
Kenta Manufacturing Group
Jim Fine Wooden Products Co. Ltd.
Vanex
HunterDouglas
Fifth Third Capital Holdings, LLC
Huntington Equity Investments, LLC
Cohen & Company
Google
Royal Mouldings
Professional Personnel Service, Inc.
Hydro Extrusion
Horizons Window Fashions
Kaiser Foundation Health Plan
Echo Global Logistics Inc.
DEX-YP
RSVP Publications
Bespoke Hardware, Inc.
Huntington National Bank
The Huntington Capital Investment Company II
The Louver Shop Holdings, LLC

**EXHIBIT B**

**PROPOSED ORDER**

13663124v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 19-21054-JRS |
| ) | |
| AMERICAN HOME PRODUCTS LLC, ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER AUTHORIZING RETENTION OF ARNALL GOLDEN GREGORY LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME PRODUCTS LLC**

**THIS MATTER** is before the Court on the Application of the Official Committee of Unsecured Creditors of American Home Products LLC (the "Committee") to employ Arnall Golden Gregory LLP as Counsel to the Committee (the "Application") pursuant to Sections 328(a) and 1103(a) of Title 11, United States Code (the "Bankruptcy Code"). Upon consideration of the Application filed by the Committee and the accompanying affidavit of Darryl S. Laddin in support of the Application (the "Affidavit"), and it appearing that, while representing the Committee in the Chapter 11 case of American Home Products LLC (the "Debtor"), Arnall Golden Gregory LLP ("AGG") will not represent any other entity having an adverse interest in connection with the Debtor's Chapter 11 bankruptcy case, and it further appearing that the Committee's retention of AGG as its counsel is in the best interest of the Debtor's bankruptcy estate, it is

**ORDERED** that the Application is GRANTED, and it is

**FURTHER ORDERED** that, pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Committee is authorized to retain AGG as its counsel in this Chapter 11 case, with such employment being

13663124v1

effective as of July 4, 2019, the date of the Committee's selection of AGG to serve in this capacity, and it is

**FURTHER ORDERED** that AGG shall be compensated in accordance with the procedures set forth in the Application, Sections 330 and 331 of the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure, any order(s) entered by the Court in this Chapter 11 case respecting compensation procedures for professionals, and any other orders of this Court.

Prepared and Presented by:

*/s/ Darryl S. Laddin*
Darryl S. Laddin, Georgia Bar No. 460793
Sean C. Kulka, Georgia Bar No. 648919
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500
(404) 873-8501 (facsimile)
darryl.laddin@agg.com

2

13663124v1

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the (i) Application of the Official Committee of Unsecured Creditors of American Home Products LLC to Employ Arnall Golden Gregory LLP as Counsel to the Committee; (ii) Affidavit of Darryl S. Laddin in Support of the Application; and (iii) a Proposed Order Authorizing Retention of Arnall Golden Gregory LLP as Counsel for the Official Committee of Unsecured Creditors of American Home Products LLC by causing copies of the same to be deposited in the United States Mail, first-class postage prepaid, addressed as follows:

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Lee B. Hart
Joshua H. Stein
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363

Maria G. Carr
Michael J. Kaczka
Sean D. Malloy
McDonald Hopkins, LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114

Jim Fine Wooden Products Co., Ltd.
Peter Wang
No. 5 Beihuan St., Hailin
Economic Development Zone
Hailin 157100
Heilongjiang CHINA

Charles N. Kelley, Jr.
Kelley & Clements LLP
P.O. Box 2758
Gainesville, GA 30503-2758

Strategic America
6600 Westown Parkway, Suite 100
West Des Moines, IA 50266-7708

This 9th day of July 2019.

/s/ *Darryl S. Laddin*
Darryl S. Laddin

13663124v1