FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GA
GAINESVILLE DIVISION

2019 DEC -5 PM 1:40

M. REGINA THOMAS
CLERK
BY_____
DEPUTY CLERK

# UNITED STATES BANKRUPCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| In re: | ) |
|---|---|
| | ) Chapter 11 |
| AMERICAN HOME PRODUCTS, LLC | ) |
| | ) Case No. 19-21054-JRS |
| Debtor. | ) |
| | ) Judge Sacca |
| | ) |

### OBJECTION TO MOTION OF THE DEBTOR FOR AN ORDER (I) DIRECTING THAT DEBTOR'S MOTION TO DISMISS REMAIN UNDER SEAL (II) AUTHORIZING THE PUBLIC FILING OF A REDACTED VERSION OF THE MOTION TO DISMISS (III) DIRECTING THAT THE COURTROOM BE CLOSED DURING ARGUMENT OF THE MOTION TO DISMISS (IV) FOR OTHER RELATED RELIEF AND OBJECTION OBJECTION TO DEBTOR'S MOTION FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE

Coes now, Jim Fine Wooden Products Co., Ltd., creditor, and hereby files this Objection to Debtor's Motion to Seal and Motion to Dismiss. For its Objection to Debtor's Motions, Jim Fine Wooden Products Co., Ltd. respectfully represents and alleges as follows:

I.  INTRODUCTION

Debtor seeks an order, under 11 U.S.C. § 107(b), authorizing the sealing of certain documents alleging that said documents contain confidential research or confidential

1

commercial information. Specifically, Debtor alleges that public disclosure would impair the collectability of the Avoidance Actions in the matter at hand. Debtor has made only broad and speculative allegations of harm and has, therefore, not met its burden of proving that the information it seeks to protect falls within the exception to public disclosure set forth in 11U.S.C. § 107(b). For these reasons, the Court should deny Debtor's Motion.

## II. ARGUMENT

Debtor has not shown that the information it seeks to have sealed falls within the exception to public access set forth in 11 U.S.C. § 107(b). Motions to file documents under seal are governed by 11 U.S.C. § 107, which provides, in part, as follows:

(a) Except as provided in subsections (b) and (c) and subject to section 772, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times at no charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

Section 107(a) codifies the policy of open access to bankruptcy court records and "evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *In re Orion Pictures*, 21 F.3d 24, 26 (2d Cir. 1994). The policy of open access is a reflection of the public's first amendment rights and "helps safeguard the integrity, quality, and respect in our judicial system." *Id.* Open access to Court records is especially important in bankruptcy cases because it "fosters confidence among creditors regarding the fairness of the bankruptcy system." *In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

The exceptions to the policy of open access to court records, set forth in §107(b), are narrow. *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Section 107(b) does not require sealing an entire document; it mandates only protection of information that falls into § 107(b)(1) or (2). *In re Anthracite Capital*, 492 B.R. 162, 180 (Bankr. S.D.N.Y. 2013). "Redacting portions of a document containing protectable information is preferable to wholesale sealing . . . because [t]he public policy favoring public access supports making public as much information as possible while still preserving the confidentiality of protectable information. *In re Motors Liquidation*, 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016). The party seeking to seal information has the burden proving that the information falls within the enumerated exceptions set forth in § 107(b). *Id.* at 46. Convincing a court to seal documents is a heavy burden. *Orion*, 21 F.3d at 27. The movant must show "compelling or extraordinary circumstances" that warrant sealing information. *Food Management*, 359 B.R. at 554.

The category of information relevant to the Debtor's Motion is § 107(b)(1), which protects "a trade secret or confidential research, development, or commercial information." 11 U.S.C. §107(b)(1). Trade secrets are distinct from commercial information . *Borders*, 362 B.R. at 47.

"Commercial information has been defined as information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion*, 21 F.3d at 27. The unfair advantage must be in favor of a market competitor, not simply a creditor or claimant. *In re Alterra Healthcare Corp.*, 353 B.R. 66, 76 (Bankr. D. Del. 2006) (emphasis added). The movant must show that public "disclosure of the information would reasonably be expected to cause the entity commercial injury." *Id.* at 76. Sealing is appropriate where the movant shows that the information is "so critical to the [movant's] operations that its disclosure would unfairly

3

benefit competitors." *In re Barney's, Inc.*, 201 B.R. 703,709 (Bankr. S.D.N.Y 1996). "Information is not considered 'commercial' merely because it relates to business affairs." *Anthracite Capital*, 492 B.R, at 178. Broad allegations of harm, without specific examples or articulated reasoning, are insufficient. *Milter v. Indiana Hosp,*, 16 F.3d at 549, 551 (3d Cir. 1994). "That information might 'conceivably' or 'possibly' fall within a protected category is not sufficient to seal documents." *In re FiberMark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005). Harm that is only speculative cannot support a sealing order. *Itel Corp.*, 17 B.R. at 994. Rather, the movant must show "sufficient threat of irreparable harm" from public disclosure of information, and specificity is essential . *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Debtor seeks an order sealing the Agreement under § 107(b) because it allegedly contains confidential research and confidential commercial information that if disclosed to the public, would "make that prosecution harder and limit the amount ultimately received."

This broad assertion does not demonstrate that the information is so critical that there is a reasonable expectation that disclosure would cause commercial injury or that the information is disclosure of the information would reasonably be expected to cause commercial injury." See *Alterra Heathcare*, 353 B.R. at 76 (disclosure must be reasonably expected to cause injury), and *Barney's*, 201B.R. at 709 (information must be so critical to the movants business that competitors would obtain an unfair advantage if disclosed). To the contrary, the terms that Debtor cites as proprietary appear to be basic analysis of the Avoidance Actions and Debtor has not shown that the disclosure of same would cause commercial injury.

Debtor has not met its burden of proving that the documents it seeks to seal contains confidential commercial information or confidential research which requires the protection of § 107(b).

4

III. CONCLUSION

WHEREFORE, the Court should deny the Debtor's Motion to seal and Motion to dismiss. Movant respectfully request that ensure a Chapter 7 Trustee prosecute the Avoidance Actions and grant other relief as is just.

Respectfully submitted, this 5th day of December, 2019.

                                              **THE LAW OFFICES OF**
                                              **BLAKE A. POOLE, LLC**

                                              /s/ Blake A. Poole
                                              Blake A. Poole
                                              Georgia Bar No. 606771
                                              Attorney for Movant
                                              210 Washington St. NW
                                              Suite 200
                                              Gainesville, GA 30501
                                              770-573-3707
                                              blake@blakepoolelaw.com

## UNITED STATES BANKRUPCY COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME PRODUCTS, LLC | ) |
| | ) Case No. 19-21054-JRS |
| Debtor. | ) |
| | ) Judge Sacca |
| | ) |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served the Debtor herein, with a true and correct copy of this **OBJECTION TO MOTION OF THE DEBTOR FOR AN ORDER (I) DIRECTING THAT DEBTOR'S MOTION TO DISMISS REMAIN UNDER SEAL (II) AUTHORIZING THE PUBLIC FILING OF A REDACTED VERSION OF THE MOTION TO DISMISS (III) DIRECTING THAT THE COURTROOM BE CLOSED DURING ARGUMENT OF THE MOTION TO DISMISS (IV) FOR OTHER RELATED RELIEF AND OBJECTION OBJECTION TO DEBTOR'S MOTION FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE** by placing same in an envelope in the United States Mail with sufficient postage affixed thereto to insure its delivery and address as follows:

**L. Lou Allen**
Stites & Harbison, PLLC
2800 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308

**Maria G. Carr**
McDonald Hopkins, LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

**Eric J. Breithaupt**
Stites & Harbison, PLLC
2800 Suntrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308

**Lee B. Hart**
Nelson Mullins Riley & Scarborough, LLP
Suite 1700
201 17th Street, NW
Atlanta, GA 30363

**Alan C. Hochheiser**
Maurice Wutscher LLP
Suite 207
23611 Chagrin Blvd
Beechwood, OH 44122

**Michael J. Kaczka**
McDonald Hopkins, LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

**Darryl S. Laddin**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

**Sean D Malloy**
McDonald Hopkins, LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

**Charles N. Kelley, Jr.**
Kelley & Clements LLP
P. O. Box 2758
Gainesville, GA 30503-2758

**Paul B. Smart**
Hulsey Oliver & Mahar, LLP
PO Box 1457
Gainesville, GA 30503

**Joshua H. Stein**
Nelson Mullins Riley & Scarborough, LLP
Suite 1700
201 17th Street NW
Atlanta, GA 30363

**David S. Weidenbaum**
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Respectfully submitted, this 5th day of December, 2019.

_____
Blake A. Poole